MEMORANDUM *
Appellant Scott Koth appeals the denial of his motions to suppress the evidence resulting from an investigative stop of his automobile by Officer Brian Silva and the evidence gathered during a subsequent search of his home pursuant to a search warrant. We affirm.
The district court credited Silva’s testimony that, based upon his prior interactions with Koth and his conversation with the dispatcher, he knew before stopping Koth that Koth’s license had not been reinstated. This factual finding is reviewed for clear error, with “great deference” to the district court. United States v. Jordan, 291 F.3d 1091, 1100 (9th Cir.2002); see also Nichols v. Azteca Rest. Enters., 256 F.3d 864, 871 (9th Cir.2001) (“Where, as here, the factual findings rest on credibility determinations, we give them even greater deference.”) (citation omitted). Koth has not established that the district court’s factual findings were *68 clearly erroneous. Because Silva knew that Koth’s license had not been reinstated, the investigative stop was supported by reasonable suspicion. Silva was not required to confirm that knowledge by asking the dispatcher any additional questions.
A magistrate’s decision to issue a warrant “is accorded great deference and is reversed only if that determination is clearly erroneous.” United States v. Terry, 911 F.2d 272, 275 (9th Cir.1990). The affidavits supporting the search of Koth’s residence revealed a “fair probability” that additional guns or ammunition would be found therein, United States v. Celestine, 324 F.3d 1095, 1102 (9th Cir.2003), and established the required “nexus” to Koth’s residence, United States v. Fernandez, 388 F.3d 1199, 1254 (9th Cir.2004). The affidavit noted the presence of two images of a gun safe containing four rifles in the “my documents” folder of a laptop computer in Koth’s car;[1] the discovery of ammunition in the car; and Koth’s admission that the ammunition belonged to him, that he was a convicted felon, and that he was a drug user. This evidence allowed the magistrate to find a fair probability that additional firearms or ammunition would be discovered at Koth’s residence, and that Koth’s possession of such firearms or ammunition would be illegal.
Because the warrant properly authorized a search of Koth’s residence for the weapons and ammunition that were the object of his second motion to suppress, we need not determine whether the affidavits attached to the warrant established probable cause to search for drugs and drug paraphernalia, or whether that search was conducted in good faith reliance upon the magistrate’s approval of the warrant. See United States v. Sears, 411 F.3d 1124, 1129-30 (9th Cir.2005).
The district court’s denial of Koth’s motions to suppress evidence is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Koth has not challenged the search of the laptop computer.